**BROWN & CONNERY, LLP**
By:   William F. Cook, Esquire
      Shawn C. Huber, Esquire
shuber@brownconnery.com
360 Haddon Avenue
Westmont, NJ 08108
(856) 854-8900
**Attorneys for Defendant**
**Andrew Davis**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY BENNETT, etc.,<br><br>    Plaintiffs,<br><br>v.<br><br>ANDREW DAVIS, etc.,<br><br>    Defendants. | Civil Action No. 1:20-cv-15406-RMB-SAK<br><br>**DEFENDANT ANDREW DAVIS'S ANSWER TO THE COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Andrew Davis ("defendant"), by way of answer to the complaint, says:

### INTRODUCTION

1.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

2.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

7D28451

1

3.     This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

4.     This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

5.     This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

6.     This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

7.     This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

8.     This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

9.     This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

7D28451

10.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

11.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

12.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

13.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

## JURISDICTION & VENUE

14.   Admitted in part.  It is admitted that this Court has jurisdiction over this matter.  The remaining allegations in this paragraph are either conclusions of law, to which no response is required, or denied.

15.   Admitted.

## PARTIES

16.   Admitted in part.  It is admitted that plaintiff Bennett is a natural person, a resident of the Borough of Clayton, over the age of 21, and eligible to possess and acquire

7D28451

firearms.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

17.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.  Admitted in part.  It is admitted that defendant is the Chief of Police for the Borough of Clayton.  The remaining allegations in this paragraph are either conclusions of law, to which no response is required, or denied.

22.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7D28451

23.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.  Admitted in part.  It is admitted that Gurbir S. Grewal is the Attorney General for the State of New Jersey.  The remaining allegations in this paragraph are either conclusions of law, to which no response is required, or denied.

25.  Admitted in part.  It is admitted that Colonel Patrick J. Callahan is the Superintendent of the New Jersey State Police.  The remaining allegations in this paragraph are either conclusions of law, to which no response is required, or denied.

**FACTUAL ALLEGATIONS**

26.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.  This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

28.  Denied as stated.  It is admitted that plaintiff Bennett submitted a completed application to defendant.

29.  Admitted in part.  It is admitted that plaintiff Bennett's application included endorsements.  The remaining

7D28451

allegations in this paragraph are either conclusions of law, to which no response is required, or denied.

30.   Denied as stated.  It is admitted that plaintiff Bennett submitted a completed application.

31.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

32.   Denied as stated.  It is admitted that defendant denied plaintiff Bennett's application on July 28, 2020 for failing to have a justifiable need to carry a handgun.

33.   Admitted in part.  It is admitted that plaintiff Bennett did not request a hearing before the New Jersey Superior Court.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding plaintiff Bennett's reasons for failing to request a hearing.  The remaining allegations in this paragraph are either conclusions of law, to which no response is required, or denied.

34.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7D28451

6

35.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

**NEW JERSEY'S UNCONSTITUTIONAL REGULATORY SCHEME**

45.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

46.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

47.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

48.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

7D28451

49.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

50.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

51.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

52.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

53.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

54.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

55.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

7D28451

56.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

57.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

58.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

59.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

60.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

61.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

62.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

7D28451

63.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

64.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

65.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

66.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

67.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

68.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70.   Denied.

7D28451

## THE CONTROLLING CONSTITUTIONAL TEXT, AND THE HISTORY AND TRADITION THAT INFORMS IT

71.  Admitted.

72.  Denied as stated.  It is admitted that the Amendment provides such language in part.

73.  This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

74.  This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

75.  This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

76.  This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

77.  This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

78.  This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

7D28451

79.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

80.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

81.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

82.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

83.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

84.   Denied.

85.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

86.   This paragraph contains conclusions of law to which no response is required.   In the event a response is required, the allegations in this paragraph are denied.

7D28451

87.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

88.   Denied.

89.   Denied.

90.   Denied.

91.   Denied.

92.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

93.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

94.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

95.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

96.   This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

7D28451

97.  This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

98.  Denied.

## THE STATE'S IMPERMISSIBLE INFRINGEMENT OF THE FUNDAMENTAL, INDIVIDUAL RIGHT TO BEAR ARMS

99.  Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

106. Admitted in part.  It is admitted that plaintiff Bennett submitted a completed application.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

107. Admitted in part.  It is admitted that defendant denied plaintiff Bennett's application on July 28, 2020 for failing to have a justifiable need to carry a handgun. Defendant is without knowledge or information sufficient to form

7D28451

15

a belief as to the truth of the remaining allegations in this
paragraph.

108. Denied.

109. This paragraph contains conclusions of law to which no
response is required.  In the event a response is required, the
allegations in this paragraph are denied.

110. This paragraph contains conclusions of law to which no
response is required.  In the event a response is required, the
allegations in this paragraph are denied.

111. This paragraph contains conclusions of law to which no
response is required.  In the event a response is required, the
allegations in this paragraph are denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

7D28451

122. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

123. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

124. This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

125. Denied.

126. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

127. Denied.

128. This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

129. This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

7D28451

130. This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

131. Denied.

132. Denied.

133. This paragraph contains plaintiffs' prayer for relief to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

<u>**COUNT ONE**</u>

**42 U.S.C. § 1983 Action for Deprivation of Plaintiffs' Rights under U.S. CONST. amends. (sic) II and XIV**

134. Defendant hereby incorporates by reference the previous responses to the complaint as if set forth at length here.

135. This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

136. This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

137. This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

7D28451

18

138. This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

139. This paragraph contains conclusions of law to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

140. Denied.

141. Denied.

## PRAYER FOR RELIEF

142. This paragraph contains plaintiffs' prayer for relief to which no response is required.  In the event a response is required, the allegations in this paragraph are denied.

**WHEREFORE,** defendant demands judgment dismissing plaintiffs' complaint together with attorney fees and costs of suit and such other relief the Court deems appropriate.

## SEPARATE DEFENSES

1.   Defendant did not violate any of plaintiffs' rights under the Second or Fourteenth Amendments.

2.   Defendant properly complied with federal and state laws.

3.   Defendant acted in good faith.

7D28451

4.   Defendant has not deprived plaintiffs of any right, privilege, or immunity afforded them under the U.S. Constitution or federal law.

5.   Defendant has not deprived plaintiffs of any right, privilege, or immunity afforded them under the N.J. Constitution or state law.

6.   Defendant violated no duty owed to plaintiffs.

7.   Plaintiffs are barred from any recovery due to their own acts and/or omissions.

8.   Plaintiffs' claims are barred by the statute of limitations.

9.   Plaintiffs failed to mitigate their damages.

10.  Plaintiffs' complaint fails to state a claim upon which relief can be granted.

11.  Plaintiffs' claims are barred by sovereign immunity.

12.  Defendant's actions are protected by qualified immunity.

13.  Plaintiffs' claims are barred by the Eleventh Amendment to the U.S. Constitution.

14.  Plaintiffs' claims are barred by res judicata, collateral estoppel, Heck v. Humphrey, 517 U.S. 477 (1994),

and/or <u>Drake v. Filco</u>, 724 F.3d 426 (3d Cir. 2013), <u>cert.</u>
<u>denied</u>, 572 U.S. 1100 (2014).

15.   The matters alleged herein concern the internal administration and management of the Borough of Clayton's Police Department, the New Jersey State Police, and the State of New Jersey, and, therefore, do not give rise to a cause of action.

16.   Defendant is not a proper party under 42 U.S.C. § 1983.

17.   This Court lacks jurisdiction over defendant.

18.   Plaintiffs are not entitled to attorney fees or expert fees or costs under 42 U.S.C. § 1988.

19.   Plaintiffs' claims are barred by the doctrine of unclean hands.

20.   Plaintiffs claimed damages were caused by others over whom defendant had no control.

21.   Plaintiffs' claims are barred by the Entire Controversy Doctrine.

22.   Defendant asserts the immunity afforded him under N.J.S.A. 59:2-1.

23.   Defendant asserts the immunity afforded him under N.J.S.A. 59:2-2.

7D28451

24.   Defendant asserts the immunity afforded him under N.J.S.A. 59:2-3.

25.   Defendant asserts the immunity afforded him under N.J.S.A. 59:2-4.

26.   Defendant asserts the immunity afforded him under N.J.S.A. 59:2-5.

27.   Defendant asserts the immunity afforded him under N.J.S.A. 59:2-6.

28.   Defendant asserts the immunity afforded him under N.J.S.A. 59:3-1.

29.   Defendant asserts the immunity afforded him under N.J.S.A. 59:3-2.

30.   Defendants assert the immunity afforded them under N.J.S.A. 59:3-3.

31.   Defendant asserts the immunity afforded him under N.J.S.A. 59:3-4.

32.   Defendant asserts the immunity afforded him under N.J.S.A. 59:3-5.

33.   Defendant asserts the immunity afforded him under N.J.S.A. 59:3-6.

34.   Defendant asserts the immunity afforded him under N.J.S.A. 59:3-7.

7D28451

35.  Defendant asserts the immunity afforded him under N.J.S.A. 59:3-8.

36.  Defendant asserts the immunity afforded him under N.J.S.A. 59:3-10.

37.  Defendant asserts the immunity afforded him under N.J.S.A. 59:4-2.

38.  Defendant asserts the immunity afforded him under N.J.S.A. 59:4-3.

39.  Defendant asserts the immunity afforded him under N.J.S.A. 59:5-1.

40.  Defendant asserts the immunity afforded him under N.J.S.A. 59:5-2.

41.  Defendant asserts the immunity afforded him under N.J.S.A. 59:5-3.

42.  Defendant asserts the immunity afforded him under N.J.S.A. 59:5-4.

43.  Defendant asserts the immunity afforded him under N.J.S.A. 59:5-5.

44.  Defendant asserts the immunity afforded him under N.J.S.A. 59:5-6.

45.  Defendant asserts the immunity afforded him under N.J.S.A. 59:8-3.

7D28451

46.   Defendant asserts the immunity afforded him under N.J.S.A. 59:8-4.

47.   Defendant asserts the immunity afforded him under N.J.S.A. 59:8-5.

48.   Defendant asserts the immunity afforded him under N.J.S.A. 59:8-6.

49.   Defendant asserts the immunity afforded him under N.J.S.A. 59:8-7.

50.   Defendant asserts the immunity afforded him under N.J.S.A. 59:8-8.

51.   Defendant asserts the immunity afforded him under N.J.S.A. 59:8-9.

52.   Defendant asserts the immunity afforded him under N.J.S.A. 59:8-10.

53.   Defendant asserts the immunity afforded him under N.J.S.A. 59:8-11.

54.   Defendant asserts the immunity afforded him under N.J.S.A. 59:9-2.

55.   Defendant asserts the immunity afforded him under N.J.S.A. 59:9-3.

56.   Defendant asserts the immunity afforded him under N.J.S.A. 59:9-3.1.

7D28451

57.   Defendant asserts the immunity afforded him under N.J.S.A. 59:9-4.

58.   Defendant asserts the immunity afforded him under N.J.S.A. 59:9-5.

59.   Defendant asserts the immunity afforded him under N.J.S.A. 59:9-6.

60.   Defendant asserts the immunity afforded him under N.J.S.A. 59:9-7.

61.   Defendant asserts any and all defenses, immunities, and procedures set forth in the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 12-3.

62.   Defendant asserts any and all defenses, immunities, and procedures set forth in the Civil Rights Acts of the U.S. and N.J.

63.   Plaintiffs are not seeking to engage in conduct protected by the Second Amendment to the U.S. Constitution.

64.   Plaintiffs are not in a protected class for purposes of the Equal Protection Clause.

65.   Defendant reserves the right to assert such other defenses and objections that continuing investigation and discovery may reveal.

7D28451

25

                                          **BROWN & CONNERY, LLP**
Attorneys for Defendant
Andrew Davis

Dated: May 10, 2021                     By:<u>s/Shawn C. Huber</u>
                                             Shawn C. Huber

## <u>DEMAND FOR JURY TRIAL</u>

    **PLEASE TAKE NOTICE** that defendant hereby demands a trial by jury as to all issues, pursuant to Fed. R. Civ. P. 38(b) and L.Civ.R. 38.1.

                                          **BROWN & CONNERY, LLP**
Attorneys for Defendant
Andrew Davis

Dated: May 10, 2021                     By:<u>s/Shawn C. Huber</u>
                                             Shawn C. Huber

## <u>CERTIFICATION</u>

    The undersigned certifies pursuant to L.Civ.R. 11.2 that to the best of his knowledge, the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding.  However, the Supreme Court recently granted certiorari in <u>New York State Rifle & Pistol Assoc., Inc. v. Beach</u>, 818 Fed. Appx. 99 (2d Cir. 2020), <u>cert. granted</u>, <u>New York State Rifle v. Corlett</u>, 2121 WL 1602643 (Apr. 26, 2021), which addresses a claim similar to plaintiffs' here.

7D28451

**BROWN & CONNERY, LLP**
Attorneys for Defendant
Andrew Davis

Dated: May 10, 2021                    By: s/Shawn C. Huber
                                           Shawn C. Huber

7D28451